UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CRIMINAL NO. 3:20CR00181(KAD) |
| DAVID DUNN | : | March 29, 2021 |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

The Defendant, David Dunn, respectfully submits this memorandum as an aid to the court at sentencing, and in support of his request for a sentence of probation.

**I. Background.**

David Dunn's behavior was occasioned by his respect for A.J. Perez, with whom he had worked with over the years, and witnessed firsthand Perez's rise from humble origins to become the Acting Chief of Police of Connecticut's largest city, Bridgeport. From his vantage point as Personnel Director, David Dunn truly believed that Perez was the most qualified candidate for the Police Chief position. However, David Dunn honestly thought that Perez would be at a marked disadvantage when competing in the selection process for permanent chief, since English was Perez's second language and because he lacked a college degree. Based on the common knowledge of the close friendship between the Mayor and Perez, the Mayor having appointed Perez as the Acting Chief, as well as the frequent inquiries about Perez's prospects by members of

the city council, to the exclusion of other candidates, David Dunn correctly assumed that Perez was the choice of his superiors for appointment to Chief of Police.

David Dunn has been truthfully described as honest, trustworthy and highly ethical, but also loyal, faithful and caring (See character letters). Regrettably, these positive attributes, in this case, conflicted with each other. David Dunn rationalized that since the city would benefit with the best candidate being named chief, he would assist the best candidate, Perez, to overcome Perez's clear disadvantage, and, at the same time, please the administration he served. Unfortunately, he allowed this rationalization to override the moral and ethical code by which his personal and professional life had always been guided. It is noteworthy that, although Perez gained financially, David Dunn did not seek nor did he receive a financial benefit from his conduct.

Consequently, David Dunn, 73 years of age, with an unblemished criminal record, possessing a well-deserved reputation of honesty and integrity, and having a and a strong professional and employment history, stands before the Court, embarrassed and humiliated by his conduct.

Immediately following his arrest, David Dunn voluntarily resigned from his position with the City of Bridgeport, as well as his other professional commitments. At the same time he has not remained idle. He continues to be productive by involving himself in community volunteer work and intends to continue to do in the future.

It is abundantly clear based upon the testaments of the multitude of persons who provided character letters that the behavior that led to the instant offense is an aberration and incompatible to his core being. Given the aberrant behavior of David

Dunn's conduct in this case, combined with his lack of any criminal record, his unconditional acknowledgment of the wrongfulness of his actions, demonstrate that he is virtually no threat of recidivism, and accordingly does not require a sentence of imprisonment to either "teach him a lesson", or "protect society". He fully understands that he has committed a serious crime for which he takes full responsibility; a prison sentence will not make it any more clear to him that he has breached the public trust which his position required of him.

## II. Discussion.

### A. Guideline Calculations.

Probation is correct in calculating Mr. Dunn's offense level at **15**, which calls for sentencing range of 18-24 months. PSR at 110

### B. Restitution.

#### 1. Initial Restitution Figure

As set forth in the **PSR** at 122, Mr. Dunn has pre-paid one-half of the restitution amount to the Clerk of the court (see attached) understanding that the co-defendant AJ Perez has similarly deposited one-half of said sum.

Regarding the loss to the City ($149,406.78), the lion share, $132,406.78 represents increased payments to Mr. Perez. PSR at 32. Unlike Perez who is mostly returning funds he received, David Dunn did not financially profit and is nevertheless paying one half of same. Thus, although David Dunn accepts his responsibility, it is worth noting, David Dunn did not receive any funds that contributed to the City's loss.

### 2. Subsequent Claim of Restitution

Mr. Dunn has pre-paid an additional $75,000 representing one-half of the subsequent claim of restitution made by the City with the understanding that the Co-Defendant, A.J. Perez has similarly deposited one-half of said sum. Thus the total pre-paid restitution in this matter by Mr. Dunn is $149,703.39.

### C. Marital and Personal Relations.

Darlene Dunn, David Dunn's former wife, related that, having always known David to be honorable and honest, she was shocked when she learned of his arrest, stating his conduct was completely out of character. She sincerely emphasized that David is a good man whom she describes as compassionate, a great father, a good friend, always loyal to his friends and family. PSR at 76.

Similarly, Joyce Agius, with whom Mr. Dunn has shared a relationship for over the preceding fifteen years, describes David Dunn as very respectful, a gentleman, generous, sincere, and expressed that she was likewise shocked to learn of David's involvement because he has always been honest and trustworthy and so "by the book". Ms. Agius expressed her opinion that David's participation must have been motivated because he thought he was helping a friend and believed it was expected of him by his superiors. She further states that this case is killing him. PSR at 78.

### D. Submitted Character Letters.

Defendant has submitted character letters from a diverse and wide array of individuals including, attorneys, ex-wife, former mayors, friends, family members, and colleagues on both sides of labor. These letters attest to David Dunn's remorse and

acceptance of responsibility. They describe his traits of: honesty, integrity, professionalism, trustworthiness, fairness, consideration of others, loyal, family man, compassionate, caring, caregiver, selfless and his feelings of shame, humiliation, not defending his conduct or minimizing same, mortified and aberrant.

### E. Consequences of His Conduct.

David Dunn's conduct has injured him in every conceivable way; his finances, his stature in the community, his personal relationships, his work and employability, his mental, emotional, physical health and well-being, and his professional reputation, developed over a lifetime of always acting honestly and ethically. David, as noted, gave up his employment with Bridgeport, as well as his other professional engagements; he has made restitution for sums from which he has received no benefit. He has suffered emotionally, as evidenced by his counseling; and he has been subjected to lawsuits, including one that could eliminate or reduce his pension. Most injurious is the personal shame and humiliation he has brought on his family and loved ones. He will forever be stigmatizes as a convicted felon.

Despite these consequences, David Dunn continues to give back to the community in meaningful ways by his volunteerism and community service activities. PSR at 134.

### F. Health

Defendant agrees with the information contained in the Pre-Sentence Report. However, he wishes to supplement same by updated reports from his neurologist, Dr. James Butler and his counselor.

### G. Propriety of a Non-Guideline Sentence.

David Dunn's age, his health issues, payment of up-front restitution, acceptance of responsibility, remorse, unblemished criminal record, risk of COVID and behavior and conduct that were an aberration of a lifetime of moral and ethical comportment, demonstrate that a sentence of probation is sufficient, but not greater than necessary to achieve the general goals of sentencing pursuant to 18 U.S.C. Sec 3553(a).

## III. Conclusions.

David Dunn comes before this court painfully aware of the wrongfulness of his conduct in this case but determined to make recompense for his conduct by serving the community, his family and friends as he has done in the past and with the strength of spirit that has maintained his sobriety for over 33 years. David Dunn's "history and characteristics," extremely aberrant behavior and his low risk of recidivism coupled with the consequences he has faced and will continue to face, suggest that a sentence of probation is a "sufficient, but not greater than necessary" sentence in this case. 18 U.S.C. Sec 3553(a).

Respectfully submitted,

THE DEFENDANT
DAVID DUNN

FREDERICK D. PAOLETTI, JR

Dated: March 29, 2021

/s/ Frederick D. Paoletti, Jr.
Frederick D. Paoletti, Esq.
Paoletti & Gusmano
3301 Main Street
Bridgeport, CT 06606
Bar No. CT09223
Email: fred@paolettilaw.net

**CERTIFICATION**

I HEREBY CERTIFY that on this date a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM-ECF system.

Dated at Bridgeport, Connecticut on this 29th day of March 2021.

/s/ Frederick D. Paoletti, Jr.
Frederick D. Paoletti, Jr. (CT 09223)